COSTALES LAW OFFICE
Roberto Luis Costales, Esq.
Louisiana Bar #33696
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
Facsimile: (504) 272-2956
*costaleslawoffice@gmail.com*

WILLIAM H. BEAUMONT LAW
William H. Beaumont, Esq.
Louisiana Bar #33005
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 483-8008
*whbeaumont@gmail.com*

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY LOWERY, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NUWAVE, LLC,<br><br>　　　　　　　　　Defendant. | No.<br><br>**COMPLAINT FOR:**<br><br>1. **Violations of the Telephone Consumer Protection Act, 47 U.S.C. §227** *et seq.;*<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

Plaintiff Anthony Lowery ("Plaintiff") alleges the following based upon personal knowledge as to himself and his own acts, and upon information and belief and the investigation by Plaintiff's counsel, which included, among other things, a review of public documents, marketing materials, and announcements made by Nuwave, LLC ("Nuwave" or "Defendant") as to all other matters. Plaintiff believes that substantial additional evidentiary support exists for the allegations set forth herein and will be available after a reasonable opportunity for discovery.

## JURISDICTION

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*

## VENUE

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391 (b)-(c).

3. Defendant's headquarters are located in the Northern District of Illinois. Members of the class reside throughout the United States, including Illinois and the Northern District of Illinois.

## PARTIES

4. Plaintiff is a citizen of Louisiana and resident of New Orleans, Louisiana.

5. Defendant NuWave is a Libertyville-based, for-profit corporation organized under the laws of and domiciled in the state of Illinois. NuWave sells tabletop ovens advertised with

the ability to "bake, broil, barbecue, roast, grill, steam, sear, and air-fry all in one convenient appliance."[1]

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

7. Defendant is in the business of selling tabletop ovens and other related products to consumers nationwide and overseas.

8. In 2016, NuWave called Plaintiff attempting to sell him one of their products.

9. Plaintiff received and listened to the call from NuWave on his personal cell phone.

10. Plaintiff did not provide Defendant prior express written consent to call his cell phone. As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that he will receive phone calls from NuWave from an automatic telephone dialing system and informing him that he is not required to sign such an agreement as a condition of purchasing any property or goods.

11. Defendant placed calls soliciting the sale of its products to Plaintiff and members of the proposed class without their prior express written consent.

## CLASS ACTION ALLEGATIONS

12. Plaintiff seeks certification of the following Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

---

[1] http://www.nuwaveoven.com/index.asp (last visited Nov. 10, 2016).

> ***"All persons in the United States who received one or more unauthorized phone calls from NuWave, LLC."***

13. The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

14. The claims of the named Plaintiff are typical of those of the class in that they all received phone calls from Defendant without providing their express written consent as defined by 47 C.F.R. § 64.1200 (f)(8). Plaintiff's claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and the members of the proposed class.

15. There are common questions of law and fact involved affecting the parties to be represented, including:

   a. Whether Defendant called members of the proposed class without obtaining their prior written consent, including a signed agreement with the disclosures required by 47 C.F.R. § 64.1200 (a)(2) and (f)(8);

   b. Whether Defendant called members of the proposed class using an automatic telephone dialing system;

   c. Whether the calls encourage the purchase of Defendant's services and products;

   d. Whether Defendant's conduct violates 47 U.S.C. § 227 (b)(1)(A);

   e. Whether Defendant's conduct violates the rules and regulations implementing the TCPA; and,

   f. Whether Plaintiff and the members of the proposed class are entitled to increased damages based on the willfulness of Defendant's conduct.

16. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

17. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained and is represented by counsel competent and experienced in collective action litigation.

18. References to Plaintiff in this complaint include the named Plaintiff and each member of the class, unless otherwise indicated.

## FIRST CAUSE OF ACTION

**(Violation of 47 U.S.C. § 227,** *et seq.* **– Telephone Consumer Protection Act)**
**(on behalf of Plaintiff and the Class)**

19. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

20. The TCPA defines an "automatic telephone dialing system" as "equipment that has the capacity… to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227 (a)(1).

21. The TCPA defines a "telephonic solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or service, which is transmitted to any person." 47 U.S.C. § 227 (a)(4).

22. The Federal Communications Commission's Regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200 (a)(2).

5

23. The term "prior written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200 (f)(8)(i).

24. The Code of Federal Regulations further provides that the written agreement required to obtain "prior written consent" must include a clear and conspicuous disclosure informing the person signing that (1) by executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (2) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services. 47 C.F.R. § 64.1200 (f)(8)(i)(A)-(B).

25. The TCPA provides for a private right of action and statutory damages of at least $500 per violation. 47 U.S.C. § 227 (b)(3).

26. Defendant placed phone calls to Plaintiff and members of the proposed class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

27. Defendant made calls nationwide to members of the proposed class despite not having prior express written consent from the class members to call them. It would be impracticable for Defendant to make these calls without using the automatic telephone dialing system described in the previous paragraph.

6

28. More particularly, Defendant placed calls soliciting purchase of its products to Plaintiff and members of the proposed class who had not signed agreements with Defendant containing a clear and conspicuous disclosure informing them that (1) by executing the agreements, such person authorized NuWave to place telemarketing calls using an automatic telephone dialing system; and (2) the person was not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

29. By calling Plaintiff and members of the proposed class who had not granted Defendant their prior express written consent by signing agreements containing the disclosures described above, Defendant violated the express provisions of the TCPA, including 47 U.S.C. § 227 (b)(1)(A)(iii) and 47 C.F.R. § 64.1200 (a)(2) and (f)(8).

30. Defendant knew or should have known that the calls placed to Plaintiff and members of the proposed class were telephone solicitations and that Plaintiff and members of the proposed class did not provide prior written consent, as described above, authorizing Defendant to call them.

31. Plaintiff and the proposed class are entitled to damages of $500.00 per call placed by Defendant and up to $1,500.00 per call if the Court finds that Defendant willfully violated the TCPA.

## **RELIEF REQUESTED**

Plaintiff prays for judgment as follows:

1. An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(3), appointing Plaintiff as Class Representative and his attorneys as Class Counsel;

7

2. Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

3. An order declaring that Defendant's actions, as set out above, violate the TCPA

4. A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

5. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

6. An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Classes;

7. Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and

8. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

**Respectfully Submitted,**

*/s/ Roberto Luis Costales*  */s/ William H. Beaumont*

Roberto Luis Costales, T.A  William H. Beaumont
3801 Canal Street, Suite 207  3801 Canal Street, Suite 207
New Orleans, LA 70119  New Orleans, LA 70119
Louisiana Bar #33696  Louisiana Bar #33005
Telephone: (504) 914-1048  Telephone: (504) 483-8008
Facsimile: (504) 272-2956  *whbeaumont@gmail.com*
*costaleslawoffice@gmail.com*

*Attorneys for Plaintiff*